White, J.
 

 delivered the following opinion of the Court: —
 

 In this case the plaintiff had recovered a judgment in the Davidson County Court. After the return of several writs of
 
 fieri facias,
 
 he, in the year 1810, sued out a
 
 capias ad satisfaciendum,,
 
 upon which the defendant was arrested, committed to prison, and gave bond to keep within the prison bounds. At the term to which the
 
 capias ad satisfaciendum
 
 was returnable, the defendant moved the County Court to quash the execution, which they did. The plaintiff removed the question to the Circuit Court, which affirmed the judgment of the County Court, and dismissed the
 
 certiorari
 
 upon the motion of the defendant. From this decision the cause has been removed into this Court. And now two questions are made: First, it is said this Court cannot tell but that the Circuit Court did right in dismissing the
 
 certiorari;
 
 it could only have been regularly issued upon petition, which petition must not only show that the plaintiff was injured by the decision of the County Court, but also a gpod reason why the party did not appeal. That the petition is not in this Court, they must therefore presume no good reason for not appealing was assigned. The plaintiff’s counsel has given a correct and sufficient answer to this argument when he states that if a defendant, in a
 
 certiorari,
 
 does not, at the return term thereof, move to dismiss, an application of that kind comes too late at any subsequent term. According to the settled practice, he is understood to have tacitly admitted that the petition contained sufficient matter to justify the removal, and that the cause is regularly removed. In this case the record shows that this motion to dismiss was made, not at the return term, but at a succeeding one, and even after the main question was decided by the Circuit Court. The second question is, ought the
 
 capias ad satisfaciendum
 
 to have been quashed ? The solution of this question depends on the construction of the act of Assembly relating to stays on executions, passed 23d of November, 1809. Before the passage of this Act, the law left it to the option of the plaintiff either to use the
 
 capias ad satisfaciendum
 
 or
 
 fieri facias
 
 to compel satisfaction of his judgment. No expressions are found in this Act which satisfy this Court that the Legislature intended to deny the plaintiff the use of the
 
 capias ad satisfaciendum.
 
 The Act simply authorizes the plaintiff to take out “an execution, which
 
 *214
 
 shall be levied on the personal estate only,” &c. There is no express repealing clause in the Act; every word in it may have as complete operation without denying the plaintiff a
 
 capias ad satisfaciendum
 
 as with it. This Act has been penned without much attention to technical terms. Its main design was to indulge debtors for a limited time, upon such conditions as would leave the creditor secure in his debt at the' lapse of the period prescribed. If a
 
 capias ad satisfaciendum
 
 was taken out, although the words of the Act would not compel the sheriff to receive security and stay the collection, still it is conceived that the spirit and meaning of the Act would, if we adopt a different construction, deny the
 
 capias ad satisfacien-dum
 
 altogether. No steps could be taken to obtain judgment against bail; and a fair opportunity is furnished debtors whose funds could not be reached by a
 
 fieri facias
 
 to set their creditors at defiance for a year, within which time, by squandering their money, leaving the State, or by some other means, the debt might be finally lost. The expressions of the Act must be very clear before this Court would believe the Legislature ever intended to make a provision that would lead to such evident injustice. The judgment of the Circuit Court must be reversed, and the order for quashing the
 
 capias ad satisfaciendum
 
 annulled.